WILLIAM W. TAYLOR, Appellant, *v.* FRANKLIN B. BERNARD and Others, Respondents.

*Mortgage—payment by goods taken in trade from the mortgagor's store.*

In an action commenced in 1892 for the foreclosure of a mortgage made in 1877, both parties to which were dead, and where the defense was payment, it appeared that the mortgagor and mortgagee were neighbors and dealt with each other as long as they both lived; that the mortgagor kept a store and the mortgagee dealt there continuously, and that in 1883 the account was substantially closed, the mortgagee then owing the mortgagor on book account the amount of the mortgage.

*Held,* that all the circumstances pointed to the theory that the mortgagee permitted the mortgagor to pay off the mortgage by goods furnished from his store.

APPEAL by the plaintiff, William W. Taylor, from a judgment of the Supreme Court, entered in the office of the clerk of Westchester county on the 8th day of April, 1893, upon a decision of the court rendered after a trial by the court at the Westchester Special Term.

The action, which was commenced in 1892, was brought to foreclose a mortgage for $600, made in 1877. The mortgagor died in 1889, and the mortgagee in 1890. The trial judge found that there was due on the bond and mortgage only the sum of forty-four dollars and fifty-nine cents, with interest thereon from March 10, 1883, and directed judgment of foreclosure and sale for that amount, and judgment was entered accordingly.

*James C. De La Mare,* for the appellant.

*J. Newton Williams,* for the respondents.

*G. De W. Clocke,* guardian *ad litem,* for infant defendant.

PRATT, J.:

This is an action for the foreclosure of a mortgage for $600, made in 1877, and both parties to it are dead. It was assigned by the mortgagee's administrator to the plaintiff. The defense was payment in effect.

The original parties to the mortgage were neighbors and friends, and dealt with each other as long as they both lived. The mortgagor

kept a store, and the mortgagee dealt there continuously, and in 1883 the account appears to have been substantially closed, by it appearing that the mortgagee owed the mortgagor on book account the amount of the mortgage. This was proved beyond question, so that if the amount which the mortgagee owed the mortgagor could not be set off or regarded as payment *pro tanto*, the result would be to collect the whole amount of the mortgage, and leave the book account entirely unpaid as the Statute of Limitations would cut it off. It is difficult to conceive how anyone can maintain such a proposition in this case.

We think the findings of the court below are just, and amply supported by the evidence, and that the conclusions of law naturally follow from the findings.

The only question is as to the admissibility of the books. We think they were admissible under the proofs, and that, taken with all the other proof in the case, established beyond all question the payment of the mortgage.

All the circumstances surrounding the transaction point to the payment of this mortgage during the lifetime of the parties, and, even disregarding the evidence furnished by the book of account, it looks very much as if the mortgage was regarded by both parties as settled and paid.

When we take into consideration the relations of the parties, their course of business, the fact that interest on the mortgage was credited on the books of the mortgagor with the items of goods sold to the mortgagee, that no claim was made for so many years that anything was due on the mortgage, all point to the theory that the mortgagee permitted the mortgagor to pay off the mortgage by goods out of his store. No other reasonable construction can be placed upon their conduct.

The decision below was just and right, and should be affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Part of judgment appealed from affirmed, with costs.